```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA      *       CRIMINAL DOCKET

VERSUS                        *       NO: 07-45

ROBERT RAYNELL REEDER         *       SECTION: "D"(4)
```

## ORDER AND REASONS

Before the court are the **"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Doc. No. 42)** filed by Robert R. Reeder. In response to this §2255 motion, the Government filed a **Motion to Dismiss Reeder's §2255 Motion (Doc. No. 47)**. The Motions are before the court on the parties' briefs, without oral argument.

Having reviewed the parties' briefs, the record and the applicable law, the court concludes that:

(1) an evidentiary hearing is not necessary because all of the facts underlying the claims raised in these Motions are contained in the record, and the resolution of the motions depends solely upon the application of the relevant case law and standard of reviews to facts that are already part of the record; and

(2) Reeder's §2255 Motion should be dismissed as untimely and the Government's Motion to Dismiss Reeder's § 2255 Motion should be granted.

## I.  Background

On February 15, 2007, Reeder was indicted on three counts of violating federal law: Count 1 - possession with the intent to distribute over five (5) grams of crack cocaine and a quantity of heroin; Count 2 - possession of a firearm in furtherance of a drug trafficking crime; and Count 3 - escape from a federal officer. (*See* Indictment, Doc. No. 7).  On March 29, 2007, a Superseding Indictment was filed re-alleging the same counts but making clerical corrections.  (*See* Superseding Indictment, Doc. No. 18).

On May 7, 2007, Reeder pled guilty to all three counts. (Docs. Nos. 35 & 37).  On August 15, 2007, this court sentenced Reeder to 78 months as to Count 1; 60 months as to Count 3 to run concurrently with Count 1; and 60 months as to Count 2 to run consecutively to the sentence for Counts 1 and 3.  Judgment was entered on August 16, 2007.  (*See* Judgment, Doc. No. 39).  No appeal was taken.

On June 30, 2008, this court entered an Order granting its own motion under 18 U.S.C. §3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that was

subsequently lowered for certain cocaine base ("crack") cases and made retroactive by the United States Sentencing Commission. (*See* "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2)," Doc. No. 41).  In this Order, the court reduced Reeder's originally imposed 78-month sentence as to Count 1 (crack cocaine offense) to 63 months.  The original Judgment of conviction was not otherwise amended.  (*Id.*).  Reeder did not appeal the court's "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2)."

On September 7, 2010, Reeder signed the instant §2255 motion which was entered in the record on September 21, 2010.  (Doc. No. 42).  In this §2255 motion, Reeder claims that he is actually innocent of the possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §924(c)), and he pled guilty to this offense because his counsel misled him and was ineffective. Reeder states that he "does not wish to withdraw his plea in its entirety, but he does wish to withdraw his plea of guilty to the [firearm] offense...."  (*Id.* at Supporting Memo., p. 2).

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a §2255 motion is subject to a one-year statute of limitations which shall run from the latest of:

    (1)   the date on which the judgment of conviction becomes
           final;

 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the united States is removed, if the movant was prevented from filing by such governmental action;

 (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Here, to timely file his §2255 motion, Reeder had either one year from the date on which his **original judgment of conviction** (Doc. No. 39) became final, or one year from the date on which the **Order** (Doc. No. 41) amending his judgment of conviction (under 18 U.S.C. §3582(c)(2)) became final. A judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 532, 123 U.S. 1072, 155 L.Ed.2d 88 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000)(per curium). *See also*, *Kapral v. United States,*

166 F.3d 565, 577 (3rd Cir. 1999)("[i]f a Defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired").

Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), in effect when Reeder's original judgment of conviction and the subsequent order amending that conviction were entered, Reeder was required to file his notice of appeal "within 10 days after the later of: the entry of either the judgment or the order being appealed."[1]  However, again, Reed did not appeal either his original judgment of conviction or the order amending his original judgment of conviction.

The original judgment of conviction was entered on August 16, 2007.  (Doc. No. 39).  And the Order granting a reduction of Reeder's sentence on his crack cocaine offense (considered as an Amended Judgment herein) was entered on June 30, 2008.  Since Reeder did not pursue a timely direct appeal of either his original or amended judgment of convictions, the one-year statute of limitations began to run on the date on which the time for filing such appeals expired; i.e., August 15, 2007 plus 10 days under Fed.

---

[1] Effective December 1, 2009, this rule was amended, extending the time period from 10 to 14 days.

R. App. P. 4(b)(1)(A) for the original judgment of conviction, and June 30, 2008 plus 10 days under Fed. R. App. P. 4(b)(1)(A) for the amended judgment of conviction.  Thus, Reeder had until either until **September 2, 2008**, to file timely file his §2255 motion,[2] or until **July 15, 2009**, to file it.[3]  However, Reeder did not file his §2255 motion until, at the earliest on **September 7, 2010** (the date on which Reeder signed his §2255 motion).  Thus, Reeder's §2255 motion is untimely.  Finally, there are no facts in the record that would constitute a rare or exceptional circumstance to warrant equitable tolling.

Accordingly;

**IT IS ORDERED** that the Government's **Motion to Dismiss Reeder's §2255 Motion (Doc. No. 47)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the **"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Doc. No. 42)** filed by Robert R. Reeder be and is hereby **DISMISSED AS UNTIMELY.**

**IT IS FURTHER ORDERED** that Reeder's request for appointment of counsel (contained in Doc. No. 49, p. 2) be and is hereby **DENIED.**

---

[2] The original judgment of conviction was entered on Thursday, August 16, 2007. (Doc. No. 39). Ten days later, excluding Saturdays, Sundays and holidays would have been Thursday, August 30, 2007.  Thus, Reeder had until Tuesday, September 2, 2008, to timely file his §2255 motion.

[3] The amended judgment of conviction was entered on Monday, June 30, 2008. (Doc. No. 41). Ten days later, excluding Saturdays, Sundays and holidays would have been Tuesday, July 15, 2008.  Thus, Reeder had until Wednesday, July 15, 2009, to timely file his §2255 motion.

New Orleans, Louisiana, this **30th** day of **December**, **2010**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE